Turley, J.
delivered the opinion of the couit.
This case, in most of its features, is identical with that of Noe vs. Hodges, adm’r. determined at the last term of this court; and it is therefore governed by the principles therein laid down.* *155 The charge of- the court upon all the points arising, is in conformity with that decision; the verdict is supported by the proof, and the judgment correctly given.
But it is said that there is error in this, that the Circuit Judge was requested to state the evidence to the jury and declined doing so, for which the judgment should be reversed.
The bill of exceptions does not show that there was any controversy as to what the proof was, or any necessity for a recapitulation of it by the court to the jury; but just says, in so many words, “Defendant’s counsel requested the court to state the evidence to the jury, which the court refused to do.” There is nothing from which it can be inferred, that any injury was sustained on the part of the defendant by this refusal; and the abstract question for our determination is, whether a refusal of the court to state the testimony upon request, is in all cases ipso facto error, for which a cause must be reversed.
The 9th section of the 6th article of our constitution provides, that “Judges shall not charge juries with respect to matters of fact, but may state the testimony and declare the law.” This provision arose out of the jealousy with which our ancestors al-always looked upon any attempt on the part of the courts to interfere with the peculiar province of the jury, the right to determine what facts are proved in a cause, and to put-a stop to the practice of summing up, as it was and is yet practiced in the courts of Great Britain and in all probability in the colonies before the revolution; and which consists in telling the jury not what was deposed to, but what was proved. This the framers of our constitution considered a dangerous infraction of-the trial by jury, and have prohibited it by express terms. “ Judges shall not charge with respect to matters of fact,” that is, shall not state to the jury what facts are proved; to do so is error, for which a case must always be reversed. But not being disposed to withhold from the jury any proper aid which the judges may be enabled to render them in their investigation, they have provided that they may state the testimony; that is, may, for the purpose of refreshing the memory of the jury, inform them what/acts the different witnesses have deposed to, leaving them to judge of the truth thereof, and to draw their deductions *156 therefrom. It will be observed, that the prohibition is direct and positive, “shall not,” the power permissive “may state.” The use of the words shall and may in this juxtaposition cannot be supposed to have been accidental: if the intention had been to make an exercise of the power granted as positive as the prohibition, the word “shall” would have been used in both instances, viz. “shall not charge with respect to matters of fact, but shall state the testimony and declare the law.” The use of the word “may,” then, cannot in this clause be considered as synonymous with the word “shall,” but leaves it discretionary-with the court to state the testimony or not, according to the exigency of the case. If the testimony be of a complicated character, difficult of recollection and comprehension, and there be a controversy between the parties litigant as to what facts are deposed to, it would be the duty of the court either to state the testimony or recall the witness upon the controverted points for explanation; but when there is no dispute relative to the facts deposed to, and the testimony is not complicated or difficult of recollection, the court in its discretion may decline exercising the power given it, without committing error. This is a legal discretion, and the refusal to exercise it is not error, unless it can be shown that injury did or might necessarily be supposed to have arisen from this refusal. But it is argued, that the word “may” is applicable to both the powers given to the judges by this clause of the constitution, viz. “may state the testimony” and “may declare the law;” and it is assumed that a refusal to charge the law is ipso facto error, and therefore a refusal to state the testimony is also ipso facto error. We do not think the premises upon which this argument rests are correct, that a refusal to charge the law is of necessity, in all cases, cause for a reversal; for if there be no disputed principle of law, the court need not charge upon the law. So as to the testimony; if there is no dispute as to what is deposed to, the court need not state the proof, and this because no injury can arise from not exercising the power. The judgment of the Circuit Court is therefore affirmed.

 See 3 Humphreys, 162.